28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Walter CHAVEZ, Petitioner-Appellant,
v.
KOHLTREON, Officer, and Nielsen, Officer, Respondents-Appellees.
Walter CHAVEZ, Petitioner-Appellant,
v.
Scott CARVER, Anthony Long, C.E. Harlow, Rancom, Officer,
and Raussman, Respondents-Appellees.
Walter CHAVEZ, Petitioner-Appellant,
v.
Dennis P. GORDON, Respondent-Appellee.
Walter CHAVEZ, Plaintiff-Appellant,
v.
Sioeli M. FINEFEUIAKI, Victor Gillies, and James McTee,
Defendants-Appellees.
Walter Chavez ALVAREZ, Plaintiff-Appellant,
v.
Scott CARVER, Gordon Noyes, and Officer Ballard, Defendants-Appellees.
 Nos. 93-4119, 93-4120, 93-4121, 93-4167, 93-4168.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 SETH
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Walter Chavez, a.k.a. Walter Cupertino Chavez, a.k.a. Walter Chavez Alvarez, filed suit against the many Appellees for civil rights violations and petitioned for a writ of habeas corpus. The United States District Court for the District of Utah dismissed or denied all of the actions. Subsequently, Appellant has filed five appeals that we consolidate into one appeal for purposes of judicial economy. Since he is proceeding pro se, we hold Appellant's pleadings to a less stringent standard than those drafted by attorneys. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.).
 
 
 4
 Within Appellant's numerous briefs, he asserts well over twenty or thirty claims in support of his petition for a writ of habeas corpus and his civil rights actions. These claims are completely without merit or are based on irrelevant or nonexistent law. Despite our attempts to liberally construe the remaining arguments, we cannot relate them to any legal doctrines. None of them are supported by facts in any meaningful way. Moreover, Appellant does not address the specific reasons that the district court denied or dismissed his various cases. These reasons are that Appellant failed to exhaust available state remedies, thus, his habeas petitions must be denied; and that he failed to perfect service on the Appellees and to show cause for such failure when directed to do so by the court, thus, his civil rights actions must be dismissed. A review of the record shows that the district court's conclusions were correct.
 
 
 5
 Based on the foregoing, we AFFIRM the district court's refusal to grant certificates of probable cause to Appellant on his habeas appeals and the court's dismissal of the civil rights actions.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470